IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Dewayne Moss,

                Plaintiff,

    v.                                    CASE NO. 06-3002-SAC
Secretary of Corrections,
et al.,

                Defendants.

**O R D E R**

    This action was filed as a civil rights complaint, 42 U.S.C. 1983, by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas (HCF). Plaintiff complains that on May 25, 2005, he was written up for a Class One disciplinary violation of 44-12-901, Dangerous Contraband. He states the basis for the charge was his possession of a folder with recipes for alcoholic beverages. He contends this information is allowed into the facility through magazines and books and that there is no rule or regulation against having it. He argues defendants' reliance upon his having cut the recipes out as a justification for the disciplinary action is unreasonable.

    In support, plaintiff attaches to his complaint the report of the "Disposition of Disciplinary Case." It provides that R. Hurt was the reporting officer, and his report was read into the record. Other evidence entered was plaintiff's brown folder "with alcoholic drink recipes that were either hand written or torn from a magazine." Moss argued at the hearing that he was only keeping the recipes to "enter the bar/entertainment industry

when I get out," and that they are allowed in the facility. The report indicates Moss was found guilty based upon the recipes, which were discovered when the reporting officer conducted a search of Moss' property. The report provides that the "recipes for alcoholic drinks are equivalent to recipes for 'hooch' or any other unauthorized substance;" allowable and unallowable ingredients were available in the penitentiary that could be used to make the recipes; and the magazines may have been allowed into the facility, but removal from the magazines "alters the intent and purpose of the recipes." The hearing officer determined that inmate Moss was "in possession of items that had been intentionally altered from the original form, and constituted instruction for the creation of an unallowable substance in the facility (intoxicant)."

Plaintiff names as defendants the Secretary of Corrections, the disciplinary hearing officer, correctional officer R. Hart, and the warden. As the basis for his claims against the secretary and warden, plaintiff alleges these defendants allowed staff to violate his constitutional rights by failing in their duties to overlook everything about the facility. He claims defendant R. Hurt is "over the gym and yard" where plaintiff apparently works and that Hunt failed to inform him of prohibited acts. He alleges the hearing officer Ballhagan violated his rights by "refusing to do his job." Plaintiff asserts he has been discriminated against in that other similarly situated offenders have been treated differently. He further asserts his rights under the 4th, 5th, 7th, 8th and 14th Amendments have been

violated.

In his request for relief, plaintiff states he is suing each defendant in his individual and official capacities "for $25.00 each from May 5, 2005, to persent (sic) day. . . ." He also seeks return of his folder and recipes.

Plaintiff claims he has exhausted administrative remedies and alleges he appealed the disciplinary decision to the Unit Team, the facility legal counsel and the Secretary of Corrections.

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. 1915A(a) and (b).

**HABEAS CLAIM NOT COGNIZABLE UNDER SECTION 1983**

Plaintiff does not provide enough information in his complaint for this court to determine if his claim is properly brought as a civil rights complaint, rather than a petition for writ of habeas corpus under 28 U.S.C. 2241. Plaintiff asks this court to rule that the disciplinary action taken against him was invalid, but does not inform the court of the sanctions imposed upon him as a result of the action. A prisoner seeking money damages based upon prison disciplinary matters which would affect the duration of his confinement is first required to establish the invalidity of the prison disciplinary conviction through a petition brought pursuant to 28 U.S.C. 2241 challenging the execution of his sentence. Edwards v. Balisok, 520 U.S. 641, 648

3

(1997)(claim of deprivation of due process in prison disciplinary proceedings that necessarily implies invalidity of punishment imposed not cognizable under § 1983); Wilkinson v. Dotson, 125 S.Ct. 1242, 1248 (Mar. 7, 2005); Heck v. Humphrey, 512 U.S. 477 (1994); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)(sole remedy for prisoner seeking restoration of good time credits is a writ of habeas corpus).  As the Tenth Circuit explained in an unpublished opinion: in Edwards, the Supreme Court applied its ruling in Heck, and held that a prisoner may not bring a 1983 claim challenging a disciplinary hearing by seeking damages when his claim would "necessarily imply the invalidity of the punishment imposed" unless he first demonstrates that his disciplinary conviction or sentence was previously invalidated.  Edwards, 520 U.S. at 648.

In addition, before a prisoner of the State of Kansas may challenge prison disciplinary action in federal court, he must have fully exhausted remedies available in the state courts.  28 U.S.C. 2254(b)(1); Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000).

Plaintiff shall be given time to amend his complaint by providing information as to the sanctions imposed as a result of the disciplinary action he seeks to challenge.  He must also inform the court whether or not he has sought relief on his claims in state court.

**INADEQUATE PLEADING OF EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Furthermore, whether this action is a civil rights complaint

4

or a habeas corpus petition, plaintiff must have fully exhausted the available administrative remedies prior to filing his action in federal court. 42 U.S.C. 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id.; see also Booth v. Churner, 532 U.S. 731 (2001)(Section 1997e(a) requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels). Plaintiff bears the burden of sufficiently pleading exhaustion of administrative remedies, which includes supplying supporting information or documentation on his exhaustion of prison grievance procedures. See Stelle v. Fed. Bureau of Prisons, 355 F.3d 1204, 1209-10 (10th Cir. 2003), cert. denied, 125 S.Ct. 344 (Oct. 12, 2004). Plaintiff shall be given time to amend his complaint to satisfy this pleading requirement. He should provide sufficient documentation such as copies of the administrative grievances filed by him and the responses at each level, or "describe with specificity" his administrative grievance filings showing the claims he raised therein as well as the prison administration's responses. Id.

**FAILURE TO PLEAD PERSONAL PARTICIPATION**

Plaintiff's allegations do not include sufficient facts to indicate personal participation on the part of each named

defendant.  Plaintiff's allegations against the Secretary of Corrections, the warden and the hearing officer, in particular, do not describe  actions taken by each individual which amounted to actual participation in the alleged violation of his constitutional rights.  Instead, plaintiff makes the conclusory allegation that each failed to do their job. His claims against the secretary and warden seemed to be based only upon their supervisory authority.  Claims under Section 1983 for money damages may not be based upon respondeat superior.  Thus, plaintiff's claims against these defendants are subject to dismissal for failure to state a claim.  His claim that the hearing officer did not do his job is also devoid of fact.

Plaintiff is given time to amend his complaint to allege sufficient facts to show personal participation by each named defendant.  If plaintiff fails to supplement his complaint as directed in this Order within the time provided herein, this action is subject to being dismissed, without prejudice, with no further notice.

**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Plaintiff's motion for leave to proceed in forma pauperis shall be determined after the court is provided with information indicating whether this matter should proceed as a civil rights complaint or a habeas corpus petition.  The filing fee is $250 for a civil rights complaint, and even if plaintiff is initially granted leave to proceed in forma pauperis, he may be required to pay the full fee through monthly partial payments from his inmate

account.  The filing fee for a habeas action is $5.

For all the foregoing reasons, the court finds that the complaint is subject to being dismissed.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted twenty (20) days in which to amend his complaint to state the sanctions he received in the challenged disciplinary proceedings and as further directed herein, and to show cause why this action should not be dismissed for the reasons stated herein.  If plaintiff fails to amend his complaint as directed, this action may be dismissed without further notice.

**IT IS SO ORDERED.**

Dated this 12th day of January, 2006, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge