IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Dewayne Moss,

                Plaintiff,

     v.                       CASE NO. 06-3002-SAC
Secretary of Corrections,
et al.,

                Defendants.

## O R D E R

    Plaintiff, an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas, filed this action as a civil rights complaint pursuant to 42 U.S.C. 1983. He seeks to challenge disciplinary action taken against him for possessing a folder with recipes for alcoholic beverages. He also requests money damages.

    Upon screening the complaint, this court found it was subject to being dismissed. 42 U.S.C. 1915A(a) and (b). In particular, this court previously found plaintiff had not provided enough information in his complaint for this court to determine if his claim is properly brought as a civil rights complaint, rather than a petition for writ of habeas corpus under 28 U.S.C. 2241. See Edwards v. Balisok, 520 U.S. 641, 648 (1997)(claim of deprivation of due process in prison disciplinary proceedings that necessarily implies invalidity of punishment imposed not cognizable under § 1983); Wilkinson v.

Dotson, 125 S.Ct. 1242, 1248 (Mar. 7, 2005); Heck v. Humphrey, 512 U.S. 477 (1994); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)(sole remedy for prisoner seeking restoration of good time credits is a writ of habeas corpus).  The court further found plaintiff failed to sufficiently plead exhaustion of state judicial and prison administrative remedies, and to allege personal participation on the part of each named defendant.

Plaintiff was given time to amend his complaint to inform the court of the sanctions imposed as a result of the disciplinary action he seeks to challenge; to state whether or not he has sought relief on his claims in state court; and to satisfactorily plead exhaustion of administrative remedies.  Moreover, plaintiff was ordered to amend his complaint to allege sufficient facts showing personal participation by each named defendant.  Plaintiff was informed that if he failed to amend his complaint as directed in the court's order within the prescribed time, this action could be dismissed, without prejudice, without further notice.  Plaintiff has filed no response to the court's order.  The court concludes this action must be dismissed due to the deficiencies pointed out in its Order filed January 12, 2006 (Doc. 3).

Plaintiff's motion for leave to proceed in forma pauperis shall be denied as moot.

**IT IS THEREFORE BY THE COURT ORDERED** that this complaint

is dismissed, without prejudice, and that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied as moot.

**IT IS SO ORDERED.**

Dated this 15th day of February, 2006, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge

3